UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID GILLARD and JACLYN
STRAMIELLO, *individually and
on behalf of all others similarly situated,*

Plaintiffs,

v.

FLEETMATICS USA, LLC,

Defendant.

Case No:
216(b) Collective Action

---

## PLAINTIFFS' COLLECTIVE ACTION COMPLAINT FOR VIOLATION OF THE FLSA

# Summary of the Allegations

### *FLSA Violation Summary*

Defendant in this case has willfully misclassified all of their inside sales representative employees working under various job titles, some self-created, others created by the company such as: Business Development Representatives, Account Managers, Closers, Consultants, Fleet Managers, Development Managers, Specialists and other interchangeable or related job titles, all of which are now or were at one time, used to identify employees working as inside sales representatives, as exempt from the overtime wage provisions of the FLSA. Plaintiffs, and the class of similarly situated employees, were all paid under a common, unlawful pay practice which included a base salary and a

flat commissions per each sale or unit sold on a monthly basis. However, these employees fail the Executive Exemption as they do not supervise two or more full time employees, and mostly did not supervise any other employees; and likewise, all inside sales representatives fail the "Administrative Exemption" as their primary job duty does not involve the use of discretion and independent judgment related to management of the company. The primary job duty of the inside sales work is production: selling products and services, for which the more hours each work, the more commission or bonus they are likely to earn. Those involved with sales and production are well recognized as non-exempt duties under the FLSA. Regardless, the class of inside sales representatives were assigned quotas and sales goals to reach, which meant that depending upon each person's success, he or was expected to put in substantially more hours than 40 to achieve the minimum required results. Lastly, this class of employees is not outside sales representatives, thus not subject to the Outside Sales Exemption.

As Mr. Gillard explains, he was one of the very first sales representatives hired by the company in 2009 in the Clearwater office. The Defendant's unlawful pay practice has saved them many millions of dollars in labor costs in the past and continuing; a practice that has gone on since as far back as 2009 across multiple offices. In fact, years of litigation (even if unsuccessful), is more cost effective then complying with the law due to its rolling statute of limitations. The Defendant operates its sales offices like high pressured, boiler rooms.

Defendant knows the workings of the FLSA and has likely faced challenges before. Moreover, at this age, a public corporation of this size and magnitude clearly cannot reasonably assert in good faith any legal basis for their unlawful pay practices. In fact, as

a close competitor of FLEETCOR and Discrete Wireless, D/B/A NEXTRAQ which sells GPS tracking equipment and services just like them, Defendant must be well aware of the collective actions pending and previously filed against them for the same misclassification of inside sales representatives.   Defendant also has closely supervised and micro-managed this class of employees and are well aware of the employees working overtime hours, and encouraged and even pressured sales representatives to work overtime to achieve sales goals and quotas.  In reality, the inside sales representative position is a mandatory overtime position and those who do not work overtime simply cannot meet the goals and quotas and wind up being terminated for poor performance.  When a sales rep underperforms, they are encouraged to put in more hours.  Sales reps additionally perform some work out of the office, making contacts by email and phone call and performing other research.  Each sales representative is entitled to be paid overtime wages for all hours over 40 at a rate of one and one half times their regular rates of pay, to include the value of all compensation earned during the relevant period. *__As per the Fair Labor Standards Act, the FLSA,__* *__DEFENDANT/FLEETMATICS, not the Plaintiff employees and inside sales__* *__representatives, maintain the burden to prove the exemption from the overtime wage__* *__requirements of the FLSA, and Plaintiffs contend that the Defendant cannot satisfy this__* *__burden of proof, and has willfully violated the FLSA to the detriment of the class of__* *__inside sales representatives.__*

# Introduction

Plaintiffs David Gillard and Jaclyn Stramiello, individually, and on behalf of all others (similarly situated who consent to their inclusion in a collective action within the

preceding three years of this action, to and through the date of the final disposition of this action, sue Defendant, Fleetmatics USA, LLC pursuant to *29 U.S.C. 216(b)*, of the Fair Labor Standards Act (the "FLSA") and state as follows:

1.      Plaintiffs bring this action for violation of federal wage and hour laws by and on behalf of all similarly situated current and former employees of Defendant.

2.      Pursuant to national, common policy and plan, the Plaintiffs and class of similarly situated current and former employees have been given the titles of "Account Executive", Business Development Representative", "Closer", "Specialist", Business Development Consultant", National Account Manager, Fleet Consultant, Senior Business Developer, Business Coordinator, Business Development Manager" or any other title where all inside sales representatives, selling products and services on a non-retail basis to businesses and commercial enterprises.  The Plaintiffs and the class of similarly situated employees were unlawfully not compensated at a rate of one and one half their regular rate of pay for their overtime hours, and treated as EXEMPT under the FLSA.

3.      Defendant did not track or record all the hours the inside sales representatives worked during the term of his employment; and alternatively, even if later Fleetmatics used any sort of time sheets in any office, investigation has revealed that Fleetmatics willfully prohibited employees from recording overtime hours worked.

4.      Defendant has improperly and willfully classified all of its inside sales representatives as a class of employees as exempt from the overtime wage provisions of the FLSA without a good faith basis.  Defendant knew or should have known that these inside sales representatives fail the short test for the executive exemption since they do not supervise two or more full time employees, and their primary job duties are none-exempt

sales duties and not management.  Inside sales representatives are on the production side of the business.

5.      Defendant knew or should have known that all of its inside sales representatives do not meet the administrative exemption, as their primary job duty does not in involve the use of discretion and independent judgment in matters of significance affecting the company and its management; and that their primary job duty is production and sales, typically non-exempt under the FLSA.

6.      Defendant knew or should have known that the inside sales representatives are clearly not outside sales representatives, and do not meet the § 7(i) exemption as well, clearly not selling retail or retail services.

7.      Defendant has a comprehensive lead generation system such that inside sales representatives do not have to solely rely upon their own contacts and sources to generate sales, although many do their own lead generation

8.      Defendant absolutely knows that inside sales representatives routinely worked overtime hours, as managers and supervisors witnessed the extra hours, encouraged and even pressured sales reps to work as many hours as possible to hit quotas and meet goals.  Moreover, the company never asked employees to leave after the shift ended or the employee reached 40 hours and encouraged their sales representatives to work overtime hours.

9.      Defendant has willfully failed to pay Plaintiffs and all similarly situated employees in accordance with the Fair Labor Standards Act (FLSA).   Specifically, Plaintiffs and similarly situated employees were not paid time and a half of their regular rate pay for all hours worked in excess of forty (40) hours per week, nor paid any premium

for the overtime hours worked. Plaintiffs and the class of similarly situated employees did not and currently do not perform work that meets the definition of any exemption under the FLSA, and the Defendant's pay practice are not only clearly unlawful, but UNFAIR as well.

10.     In this pleading, the term "Inside Sales Representative" means any employee of Defendant working under the various titles of: "Account Executive", Business Development Representative", "Closer", "Specialist", Business Development Consultant", National Account Manager, Regional Account Executive, Fleet Manager, Senior Business Developer, Business Coordinator, Business Development Manager" Specialist, Solutions Consultant or any other title or position where employees perform substantially the same work as an inside sales representative (discovery may reveal additional job titles and employees that should be included). Inside Sales representatives in this class make inbound and/or outbound phone (cold calls) calls, research the internet and either make internet presentations or demonstrations or schedule this for others such as closers to finalize and consummate the sale.

11.     In this pleading, "Defendant" means the named Defendant and any other subsidiary or affiliated and wholly owned corporation, organization or entity responsible for the employment practices complained of herein (discovery may reveal additional Defendants that should be included).

12.     The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiffs bear the burden of pleading, proof, or persuasion. Plaintiff reserves all rights to plead in the alternative.

# Jurisdiction & Venue

*13.*     This Court has subject matter jurisdiction over this action pursuant to *28 U.S.C. §1331*, because this action involves a federal questions under the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216 (b)*.

14.     This Court is empowered to issue a declaratory judgment under 28 U.S.C.§§ 2201 and 2202

15.     This Court has personal jurisdiction over this action, because the Defendant operates substantial business in Clearwater, Pinellas County, Florida and a substantial amount of the damages at issue occurred in Pinellas County, Florida.

16.     Venue is proper to this Court pursuant to 28 U.S.C. Sec. 1391(b) because the parties reside in this district and because a substantial part of the events giving rise to the claims occurred in this District.

# The Parties

*Representative Plaintiffs, David Gillard and Jaclyn Stramiello*

17.     DAVID GILLARD resides in Tarpon Springs, Florida. He worked for the Defendant from 2009 June, 2013 as an inside sales representative from the Defendant's Clearwater Office, last working under the title of "Closer".

18.     When initially hired, Gillard did both the outbound calling and work as a Business Development rep until the company divided up the job duties, and then he was called a "closer".

19.     He was an employee of Defendant during this time as contemplated by 29 U.S.C. § 203.

20.     Gillard's primary job duty was sales: to sell products and services to business and commercial enterprises.   He was paid a base salary, plus monthly commissions for sales according to a standard structure applicable to all sales representatives, which was not a discretionary basis.

21.     All sales reps were paid on the same common pay plan: base salary and commission and bonuses, and as such were not given fixed salaries for all the hours worked.

22.     Plaintiff Stramiello, is a current employee of Defendant working as a business development representative since April 2014.

23.     Plaintiff's primary job duty is to make outbound, cold calls, and set up meeting and appointments for closers to consummate and finalize sales.

24.     Stramiello, like all other business development representatives is given quotas or sales goals such as the number of phone calls dialed, and the number of appointments set, which if not met, subject the employee to disciplinary action, including termination for performance.

### The Defendant

25.     Defendant, Fleetmatics USA, LLC is a Florida Limited Liability Corporation and a wholly owned subsidiary of Fleetmatics USA Holdings Inc., and their parent, Fleetmatics Group PLC, a publicly traded corporation on the NYSE under the symbol FLTX, has a principal place of business is at 1100 Winter Street, Waltham, MA

02451, and at all times material hereto, has routinely and consistently conducted business in the State of Florida through its Clearwater, Florida office 1254 Cleveland Street, Clearwater Florida. Defendant may be served through its registered agent for service of process, CT Corporation System, at 1200 South Pine Island Road, Plantation, Florida 33324 and/or its physical offices in Clearwater, Florida.

26.    As stated by Defendant on their website:  Fleetmatics Group PLC (NYSE: FLTX) is a leading global provider of mobile workforce solutions for service-based businesses of all sizes delivered as software-as-a-service (SaaS). Our solutions enable businesses to meet the challenges associated with managing local fleets, and improve the productivity of their mobile workforces, by extracting actionable business intelligence from real-time and historical vehicle and driver behavioral data. Fleetmatics Group's intuitive, cost-effective Web-based solutions provide fleet operators with visibility into vehicle location, fuel usage, speed and mileage, and other insights into their mobile workforce, enabling them to reduce operating and capital costs, as well as increase revenue. An integrated, full-featured mobile workforce management product provides additional efficiencies related to job management by empowering the field worker and speeding the job completion process from quote through payment. As of September 30, 2015, Fleetmatics served approximately 31,000 fleet management customers, with approximately 655,000 subscribed vehicles worldwide.

27.    Defendant Fleetmatics is an employer within the definition of the FLSA, has revenues exceeding $500,000 annually in all applicable time periods, and is involved in interstate commerce.

28.    Fleetmatics provides fleet operators (companies or businesses with

numerous vehicles) with an internet based system that enhances workforce productivity through real time vehicle tracking, route optimization, job dispatch, and fuel usage monitoring.

29.    Fleetmatics direct competitor is Fleetcor, d/b/a "NexTraq" and both companies serve the same commercial fleet clients with telematics solutions, GPS and tracking.  Fleetcor and NEXTRAQ, since 2013 to the present have faced similar lawsuits for misclassifying SAAS insides sales representatives as exempt under similar salary plus commission common pay unlawful pay practices such that it is unlikely that Defendant Telematics has not has reasons and cause to have investigated, studied and assessed its own relied upon exemptions for inside sales representatives under the FLSA.

# General Factual Allegations

30.    This collective action arises from an ongoing wrongful scheme by Defendant to a) willfully misclassify,  b) willfully underpay, and c) willfully refuse to pay overtime wages to a large class of inside sales representatives who Defendant know or should have known, do not satisfy any of the FLSA exemptions.

31.    Plaintiffs bring this suit individually, and on behalf of all similarly situated persons composed of the following Class members:

> A.    All employees working as inside sales representatives under the titles of: Account Executive, Account Manager, Consultant, Business Development Representative, Closer, Sales Representative, Business Development Manager, Field Service Manager, or any other job title whose primary job duty was sales, who are currently employed or were previously employed with

Fleetmatics USA LLC within the U.S. and its territories, within the past three years preceding the filing of this lawsuit who did not receive overtime compensation at a rate of time and one-half their regular rate of pay and who elect to opt into this action pursuant to FLSA 29 U.S.C. Section 216(b).

32.     Gillard and Stramiello are able to protect and represent the Collective or putative Class, and are willing and able, and consent to doing so.

33.     Gillard is a proper Class representatives as he was employed by Defendant as an inside sales representatives, under the title of Business Development and Closer during his employment, and because: a) he was one of the first inside sales representatives hired by the Defendant in Clearwater, Florida and worked through June 2013 and is familiar with the job duties and responsibilities of inside sales representatives; and b) he was paid under the same common pay structure/plan applicable to all other inside sales representatives: a base salary, with monthly commissions and treated as exempt under the FLSA, c) he routinely worked overtime without being paid a premium for the hours.

34.     Plaintiff Stramiello is a proper class representative as she is currently employed with Defendant as a business development representative, is paid on a base salary plus commission basis, routinely works overtime without compensation and is familiar with the Defendant's policies, procedures and unlawful pay practices.

35.     Plaintiffs allege for themselves, and on behalf of the class who elect to opt-in to this action that they are entitled to unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay, as required by the FLSA.

36.     Defendant employs, upon information and belief and investigation, an estimated 350 or more inside sales representatives working from numerous offices,

including: Clearwater, Florida, Rolling Meadows, Illinois, Charlotte, North Carolina, Tempe Arizona, and Solon, Ohio.   Upon information and belief, Defendant may also now have, or had within the relevant 3 year class period, employed other sales representatives working from their homes or other offices in other states, such as N.Y.

37.    Upon information and belief, the inside sales representatives in all offices under the various titles are all paid under a common pay plan and all performing their job duties in a uniform, similar manner; and all are supervised and managed according to the same national standards and uniform policies and procedures set by the Defendant applicable to all offices.

38.    All inside sales representative within this class are treated as salaried exempt without the Defendant ever taking any individualize analysis of the employee's actual work performed under the FLSA for the exemptions relied upon.

39.    The Defendant maintains a companywide policy rethought the relevant 3 year class period of willfully refusing to pay overtime wages, premium pay for overtime worked for inside sales representatives despite clear knowledge inside sales representatives have worked and continue to work overtime hours.

40.    Upon information and belief, all inside sales representatives are supervised by Directors and other managers, who very closely monitor performance, scrutinize sales representatives and their performance, metrics, such as phone calls and production and report results to the corporate office under a structured, corporate controlled manner. Defendant has micro-managed all inside sales representatives.

41.    All inside sales representatives handling outbound calls, primarily those with titles of business development representatives, or account managers or consultants are

expected to make a certain number of daily phone calls, and have sales goals or quotas for appointments if a business development representative, or sales if a closer, which if not met, subject them to disciplinary action, including termination of employment.

42.     All closers similarly have sales goals and quotas related to the number of appointments and sales.

43.     Some inside sales representatives' call upon potential new clients or customers, and others, upon information and belief and from Defendant's job descriptions, are assigned a group of current customers or clients to call.  In all cases, the primary job duties of all inside sales representatives are to sell and the sales take place generally over the telephone and internet.

44.     The overtime wage provisions set forth in FLSA §207 apply to Defendants, as all Defendants collectively engage in interstate commerce under the definition of the FLSA.  Indeed, at all relevant times, Defendants engaged in interstate commerce and/or in the production of goods for commerce within the meaning of FLSA Sec. 203 as a common business enterprise.

45.     The Defendant has, at all relevant times herein, grossed more than $500,000 in operating revenues during each of the last 3 years.

46.     Defendant Fleetmatics was Gillard and Stramiello's employer within the meaning of 29 U.S.C. § 203(d).

47.     The actual job duties performed by the proposed class of Inside Sales Representatives do not satisfy the elements of any exemptions within FLSA §213, whether as closers or cold calling telemarketing sales representatives.

48.     Plaintiffs, as well as the members of the putative class of similarly situated

employees, routinely worked through part or all of their lunch breaks, and also performed other work incidental to their job at home.

49.     Many sales calls and demonstrations had to take place in the evening hours to accommodate business owners and their officers so as not to disrupt their business during standard daily working hours.

50.     Plaintiff Gillard often made calls and performed demonstrations in the evening hours, many hours after the daily shift supposedly ended.

51.     Gillard was forced to work evenings and work through lunches without receiving compensation in order to meet sales goals.

52.     In Defendant's Clearwater office, Defendant even has a written sign in sheet for employees to come in and work 30 minutes before the scheduled shift, documenting employees working overtime without being paid overtime and premium wages.

53.     Furthermore, Defendant has even instituted required Sunday work for sales representatives in the Clearwater office.

54.     Gillard, Stramiello and all other similarly situated employees are currently now or have previously been covered under FLSA §207.

55.     Pursuant to FLSA §207, Defendant, as the employer of Gillard and Stramiello and other similarly situated employees, was and is required to pay one and one-half times each employee's hourly rate for hours worked in excess of forty (40) hours per week.

56.     Defendant clearly knows or should have known, that these inside sales representatives do not satisfy any exemption, specifically: a) they fail the executive exemption as they do not supervise other employees, b) fail the administrative exemption

as their primary job duty is sales and production, and does not involved the exercise of discretion and independent judgment in matters of significance affecting the company; and c) clearly are not outside sales representatives or engaged in retail sales.

57.     Gillard worked for Fleetmatics from 2009 until on or about June 2013 as an inside sales representative in the Clearwater office, last working under the title of "closer".

58.     When Fleetmatics hired Gillard and other sales representative in 2009, they were hired to perform all outbound and inbound calls and demonstrations, and eventually Defendant split the position into the Business Development Representative (consultant/manager) and Closer positions.

59.     Both positions however, are mere titles used to describe employees whose primary job duties were sales, and all were paid under a common pay practice:  a base salary and monthly commissions based upon the sales made, and most importantly, all were willfully misclassified as salaried employees exempt from overtime wages under the FLSA as a class of employee or position without regard to individualized analysis.

60.     For the majority of Gillard's employment, he, and all other similarly situated inside sales representatives regularly worked over 40 hours each week.  Their job duties were to solicit and sell the company's products and services to businesses, by making outbound, cold call telephone calls, answering inbound company generated phone calls, and sending out written communications and emails, and then making demonstrations and closing the sales with orders.  Their job duties were of production type, and the focus was to sell or set appointments for others to sell or "close".

61.     Plaintiff Stramiello and all other full time inside sales representatives are

assigned a set schedule of 8:30am until 5:30 pm.

62.     The office sets a single lunch hour for all inside sales representatives, but, Plaintiff, like other sales representatives, find it necessary and in their best interests to work through some or all of their lunch hour.

63.     Defendant is fully aware that employees work through lunches, as management can clearly see them doing so and encourage employees to do this.

64.     Stramiello has worked overtime hours both before and after the scheduled shift without compensation.

65.     Stramiello and other employees questioned the Defendant about the exemption and entitlement to overtime wages, and the Defendant represented that their pay practice is not unlawful.

66.     Defendant also has represented that if employees do not like the overtime hours or the company pay practices, they can leave and suffer a bad reference.

67.     Defendant does not presently, and has not throughout the relevant three (3) year class period,  properly clock, track or record the working hours of each inside sales representative, including Plaintiff Gillard and Plaintiff Stramiello.

68.     All inside sales representatives worked a similar schedule of 5 days per week, typically from about 8:30 a.m. until 5:30 pm, or in some offices, 7:30 a.m. until 4:30 p.m., or 8:00 a.m. until 5:00 p.m.  All shifts are 9 hour days with one hour allotted for lunch.

69.     Defendant at times commanded and made it mandatory for inside sales representatives to come in prior to their scheduled shift time, stay later, or at other times, work weekends or from home in some capacity.

70.    Defendant has strongly encouraged and pressured inside sales representatives to work overtime hours, from home or to come in early or stay late.

71.    Plaintiff Gillard worked, along with members of the class, sometimes until 9:00 pm, as the office remained open and employees were knowingly permitted by management and encouraged to work as late as they wished or could.

72.    In order to meet sales quotas and maximize their commission and bonus, Plaintiffs and other sales representatives would routinely work as many overtime hours as they wished the knowledge, approval and encouragement of sales Managers/Directors and officers of the Defendants.

73.    Inside sales representatives were warned when falling short of quotas that their jobs could be terminated and encouraged to work as many hours as necessary and possible to hit goals and quotas.

74.    Defendant treated Plaintiffs and the class of similarly situated employees as exempt, and made clear to this class of employees that they deemed them to be exempt from overtime wages; hence the company policy and practice of not recording and clocking in the work hours of the class of inside sales representatives.

75.    Plaintiffs, like other sales representatives questioned the Defendant about not being paid overtime wages for the overtime hours worked, and Defendant's managers would warn inside sales representatives that if they did not like the pay practices, they could leave and have a bad reference.  Other inquiries by employees questioning the failure to pay overtime wages were given intentionally false communications that the company would investigate and look into it, but never justifying the exemption, or simply state that they are paid "salaried" employees such that they do not have a right to overtime or

premium pay.  Defendant's representations and communications to employees about the exempt status were false and intentionally misleading, as well as unlawful and unfair.

76.   All inside sales representatives followed corporate policies and procedures applicable to all their offices where inside sales representatives worked.

77.   All insides sales representatives were trained to perform their job duties and expected to perform their job duties in similar manners throughout their multiple offices.

78.   All inside sales representatives attended sales meetings which the Defendant went over new procedures, policies and sales protocols and was clear to Plaintiffs, applied to all inside sales representatives employed by the Defendant.

79.   Defendant should be well aware that the FLSA requires the regular rate of pay calculation to include not only the base salary, but the bonuses and commissions in the calculation; thus the overtime rates of the Plaintiffs class must be based upon not just the base salary, but the commissions and bonuses as well.  See CFR 551.511.   Therefore, if an employee's base wages are $35,000, and he or she earned $1,000 in the month while working overtime, the regular rate of pay is based upon $36,000 for the month.

### COUNT I
### FLSA VIOLATIONS OF FLSA §207 AND DECLARATORY ACTION PURSUANT TO 28 U.S.C. SECTIONS 2201 and 2202

80.   Plaintiffs allege and incorporate by reference paragraphs one (1) through seventy-nine (79) of this Complaint and fully restate and re-allege all facts and claims herein as if fully stated.

81.   Defendant has willfully and intentionally engaged in a common company pattern and practice of violating the provisions of the FLSA, by misclassifying all inside

sales representatives under the various job titles identified in this complaint as exempt under the FLSA overtime wage provision during one or more weeks, thereby improperly failing and/or refusing to pay Plaintiffs and the Putative Class, comprised of all current and former similarly situated employees who work or have worked over forty (40) hours per week, overtime compensation pursuant to FLSA §207.

82.    Defendant does not have a good faith basis for classifying the inside sales representatives as Exempt such that each employee is entitled to an equal sum in overtime wages owed at rates of one and one half times their regular rates of pay as liquidated damages. See *Johnson v. Big Lots Stores, Inc.*, 604 F.Supp.2d 903 at 925 (E.D. La. 2009).

83.    Defendant knowingly and willfully failed to track the hours worked by Plaintiffs and the class of similarly situated employees, comprised of the Plaintiffs Class.

84.    Defendants suggested, encouraged and requested that all inside sales representatives work as many hours as they could to meet or exceed sales goals, and have direct knowledge of inside sales representatives working overtime hours.

85.    Defendant made clear to the inside sales representatives that they were classified as exempt from overtime wages but have refused to provide them with any specific legal justification or explanation of what exemption they relied upon and why, other than to tell employees they were salaried and get commissions and bonuses in lieu of overtime.

86.    By failing to record, report, and/or preserve records of hours worked by the Plaintiffs, and the class of similarly situated inside sales representatives, the Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions of employment in violation

of the FLSA 29 USC 201 *et. seq.*, including 29 USC Sec. 211(c) and 215 (a).

87.     Defendant knew or should have known that the act of paying Plaintiffs and all inside sales representatives on a salary, exempt basis without overtime pay, is insufficient and evades the wage and hour requirements of the FLSA such that a 3 year statute of limitations applies.

88.     Defendant knew and know now, that overtime wages are to be paid at one and one half times the employees' regular rates of pay to include all compensation earned but, as a means to save hundreds of millions of dollars in labor costs, willfully chose to misclassify the inside sales rep position as exempt.

89.     To summarize, Defendant has willfully and lacking in good faith, violated the FLSA by the following unlawful pay practices applicable to Plaintiffs and the class of similarly situated employees: a) Willfully misclassifying inside sales representatives under various job titles as salaried exempt; b) willfully refusing to pay overtime wages owed to the class after the Defendant has reasonable basis to know they were violating the FLSA either through prior complaints for former or present employees, or from similar lawsuits against such competitors as Fleetcor by their inside sales representatives over the last several years.

90.     As a result of Defendant's willful violations of the FLSA, Gillard, Stamiello and the Plaintiff Class, comprised of all other employees similarly situated, have suffered economic damages by Defendant's failure to pay overtime compensation in accordance with FLSA §207.

91.     Due to Defendant's willful violations of the FLSA, a three-year statute of limitations applies to the FLSA violations pursuant to *29 U.S.C. §255(a)*.

92.    As a result of Defendant's unlawful acts and pay practices, Gillard, Stramiello and the Plaintiff Class, comprised of all other similarly situated employees, have been deprived of overtime compensation in amounts to be determined at trial; and are entitled to recovery of such amounts, liquidated damages in amount equal to the overtime wages due, prejudgment interest, attorneys' fees, costs and other compensation pursuant to *29 U.S.C. §216(b)*, as well as injunctive relief pursuant to *29 U.S.C. §217*.

**WHEREFORE**, David Gillard, Jaclyn Stramiello individually, and on behalf of all other similarly situated past and present inside sales representatives, seek the following the following relief:

a.    Designation of this action as a collective action.

b.    That Gillard and Stramiello be allowed to give notice of this collective action, or that this Court issue such notice at the earliest possible time; to all past and present inside sales representatives employed by Fleetmatics at any time during the three (3) year period immediately preceding the filing of this suit, through and including the date of this Court's issuance of the Court Supervised Notice for each respective class;

c.    Designate the Named Plaintiffs as Representatives of the Collective Class for purposes of engaging in mediation, with the authority to execute any Collective Class settlement agreement the parties might reach, which is subject to Court's approval before making any such agreement binding.

d.    That all past and present inside sales representatives be informed of the nature of this collective action, and similarly situated employee's right to join this lawsuit if they believe that they were or are misclassified as an exempt employee;

e.    That the Court find and declare Defendant in violation of the overtime compensation provisions of the FLSA;

f.    That the Court find and declare Defendant's violations of the FLSA were and are willful;

g.    That the Court enjoin Defendant, under to *29 U.S.C. § 217*, from withholding future payment of overtime compensation owed to members of

the Plaintiffs Class.

h.   That the Court award to Mr. Gillard and Ms. Stramiello and the Plaintiff Class, comprised of all similarly situated employees, overtime compensation at a rate of one and one half time their regular rates of pay, including the value of all compensation earned, for previous hours worked in excess of forty (40) for any given week during the past three years AND liquidated damages of an equal amount of the overtime compensation, in addition to penalties and interest on said award pursuant to FLSA §216 and all other related economic losses;

i.   That the Court award Gillard and Stramiello and the Plaintiff Class, recovery of their reasonable attorneys' fees and costs pursuant to FLSA § 216, including expert fees;

j.   That the Court award Gillard and Stramiello a Class Representative service fee for the justice he sought out for so many and his services in this case.

k.   That the Court issue a declaratory judgment under 29 U.S.C 216-17, 28 U.S.C. 2201 and 2202 for the unlawful misclassification and pay practices complained of herein and that the Defendant violated the FLSA, and that such pay practice violation was willful and uniformly applied to all inside sales representatives of this proposed class;

l.   Pre-judgment and post-judgment interest, as provided by law: and

m.   That the Court award any other legal and equitable relief as this Court may deem appropriate, including the value of underpaid matching funds in company pension or 401k plans.

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demands a trial by jury on all questions of fact raised by this Complaint.

Dated: January 12, 2016

Respectfully submitted by:

_____
MITCHELL L. FELDMAN, ESQUIRE
Florida Bar No. 0080349
FELDMAN LAW GROUP P.A.
1715 N. Westshore Blvd., suite #400
Tampa, Florida 33607
Tele: (813) 639-9366
Fax: (813) 639-9376
E-mail: MFeldman@ffmlawgroup.com
*Attorney for Plaintiffs*