UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DAVID GILLARD, JACLYN STRAMIELLO, and TROY PATE,**
**individually and on behalf of all others similarly situated,**

        **Plaintiffs,**

vs.                                                Case No. 8:16-cv-81-T-27MAP

**FLEETMATICS USA, LLC,**

        **Defendant.**
_____/

## ORDER

**BEFORE THE COURT** is the Joint Motion and Stipulation for (1) Conditional Certification of Collective Action for Purposes of Settlement, (2) Entry of an Order Approving Settlement, and (3) Authorization of Notice of Settlement to the Putative Class and Incorporated Memorandum of Law (Dkt. 61). Upon consideration, the request to approve the Settlement Agreement is DENIED without prejudice. The Settlement Agreement is DISAPPROVED as discussed herein. The Court RESERVES ruling on approving conditional certification as a collective action pending submission of an amended settlement agreement.

Plaintiffs David Gillard, Jaclyn Stramiello, and Troy Pate (the "Named Plaintiffs") are current or former employees of the Defendant who worked as Business Development Representatives ("BDR(s)"). (Dkt. 25 ¶¶ 22-30). The Named Plaintiffs brought this claim for the Defendant's failure to pay BDRs overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (Dkt. 25). Thirty-seven (37) individuals have filed "Consents to Join Collective Action" ("Opt-In Plaintiffs"). After two full days of mediation before an experienced wage and hour attorney and mediator, the parties reached a preliminary settlement. (Dkt. 56). The

parties move for conditional certification of this action as a collective action for purposes of settlement, approval of the Settlement Agreement, approval of the Notice of Settlement to be given to Putative Class Members, and approval of the Notice of Settlement to be given to the Opt-In Plaintiffs.

The parties seek approval, or alternatively preliminary approval for purposes of sending notice, of the Collective Action Settlement Agreement. The parties also seek approval of the Notice of Settlement to be given to Putative Class Members and the Notice of Settlement to be given to the Opt-In Plaintiffs.

The Settlement Agreement contains a confidentiality provision that prohibits Plaintiffs, Opt-In Plaintiffs, Putative Class Members, and Class Counsel from initiating any communications concerning the agreement, which is now in the public record, with any media organizations or responding to any communications concerning the agreement with any media organization, (Dkt. 61-1 at 11-12),[1] a non-disparagement provision, (*Id.* at 13 ¶ F), a limitation on assisting or encouraging others with claims against the Defendant, (*Id.*), and a provision for attorney's fees and costs at twenty-five percent of the Maximum Settlement Common Fund, (*Id.* at 3), that has not been approved.[2] The Notice of Settlement to both the Putative Class Members and Opt-In Plaintiffs incorporate the Settlement Agreement.

An employer's insistence upon a confidentiality and non-disparagement provision as part of an FLSA settlement contravenes the policies underlying the FLSA and limits the plaintiff's rights under the First Amendment. *See Dees v. Hydradry, Inc.*, 706 F.Supp.2d 1227, 1242-43 (M.D. Fla. 2010) (district court should reject a FLSA settlement agreement that contains a confidentiality

---

[1] Citations are to the CM/ECF page numbers.

[2] A motion for approval of attorney's fees and costs is forthcoming. (Dkts. 64, 66).

provision); *Valdez v. T.A.S.O. Properties, Inc.*, No. 8:09-cv-2250-T-23TGW, 2010 WL 1730700, at *1 n.1 (M.D. Fla. April 28, 2010) (inclusion of a non-disparagement provision "contemplates a judicially imposed 'prior restraint' in violation of the First Amendment" and finding no extraordinary circumstances warranting enjoining disparaging remarks in an FLSA case). Similarly, a provision that restricts a plaintiff from assisting others in claims imposes a prior restraint on free speech and interferes with the plaintiff's constitutionally protected right of freedom of association. *See Nichols v. Dollar Tree Stores, Inc.*, No. 1:13-CV-88 WLS, 2013 WL 5933991, at *4 (M.D. Ga. Nov. 1, 2013) (rejecting FLSA settlement agreement that restricted plaintiff's right to associate with third parties for the purpose of "counsel[ing] or assist[ing] . . . in the preparation or prosecution of any civil dispute, difference, grievance, claim, charge or complaint against Dollar Tree") (alterations in original).

Accordingly, it is **ORDERED** that the request to approve the Settlement Agreement is **DENIED without prejudice**, the Settlement Agreement is **DISAPPROVED** as discussed herein, and the Court **RESERVES** ruling on approving conditional certification as a collective action pending submission of an amended settlement agreement.

**DONE AND ORDERED** this 20th day of September, 2016.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record