UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID GILLARD and JACLYN
STRAMIELLO, and TROY PATE
individually and on behalf of all
others similarly situated,

      Plaintiff,

v.

FLEETMATICS USA, LLC,

      Defendant.
_____/

CASE NO.:  8:16-CV-00081-JDW-MAP
216(b) Collective Action

**JOINT RENEWED MOTION FOR ENTRY OF ORDER APPROVING
SETTLEMENT AND AUTHORIZATION OF NOTICE OF SETTLEMENT AND
NOTICE OF FILING MODIFIED COLLECTIVE ACTION SETTLEMENT
AGREEMENT PURSUANT TO ORDER DATED SEPTEMBER 20, 2016 (DOC. 67)**

Plaintiffs, DAVID GILLARD, JACLYN STRAMIELLO and TROY PATE (the "Named Plaintiffs"), and Defendant, FLEETMATICS USA, LLC, ("Defendant") (collectively, the "Parties"), by and through their undersigned counsel, on their own behalf and on behalf of the thirty-seven (37) additional plaintiffs who have opted into this action as additional party plaintiffs ("Opt-In Plaintiffs"), and other individuals who are similarly situated (the "Putative Class Members"), and pursuant to this Court's Order dated September 20, 2016 (Doc. 67), jointly renew their motion for approval of settlement agreement and for authorization of the notice of settlement (Doc. 61) and state as follows:

1. On August 19, 2016, the Parties filed their Joint Motion for Conditional Certification of Collective Action for Purposes of Settlement, for Entry of an Order Approving Settlement and Authorization of Notice of Settlement to the proposed Putative Class [Doc. 61].

The Parties attached to that Joint Motion as Exhibit "A" a copy of the Collective Action Settlement Agreement (the "Settlement Agreement") previously executed by the Parties.

2. On September 20, 2016, the Court issued an Order denying without prejudice the Parties' request to approve the Settlement Agreement [Doc. 67]. In particular, the Court stated that it was denying approval of the Settlement Agreement because it contained: (1) a confidentiality provision; (2) a non-disparagement provision; (3) a limitation on assisting or encouraging others with claims against the Defendant; and (4) a provision for attorney's fees and costs that had not been approved. [Doc. 67, p. 2]. The Court reserved ruling on approval of the requested conditional certification as a collective action pending submission of an amended settlement agreement. [Doc. 67, p. 3].

3. In response to the Court's Order, the Parties have revised the previously submitted Settlement Agreement and have removed the provisions referenced by the Court in its Order. Specifically, the Parties have removed the confidentiality provision, the non-disparagement provision and the limitation on assisting or encouraging others with claims against the Defendant.[1]

4. Furthermore, subsequent to the filing of the joint motion, Fleetmatics conditionally engaged the services of a third party administrator, as contemplated by the settlement, with the agreement of Plaintiffs' counsel. Additionally, and after discussion with the third party administrator, the Parties realized that the requirement of certified mail delivery for the delivery of notices was cumbersome, and likely to result in a lower response rate. Therefore, the Settlement Agreement was revised to reflect the retention of the third party administrator and the change in the notification process. See Ex. 1 at p. 3, 6.

---

[1] As noted by the Court in its Order, a motion for approval of the requested attorneys' fees and costs is forthcoming from the Plaintiffs' counsel, and thus is being addressed separately by Plaintiffs' counsel.

5. For the Court's convenience, the Parties have attached a "clean" copy of the revised Settlement Agreement as Exhibit "1", and a "redline" comparison of Exhibit "1" to the original agreement as Exhibit "2".

6. Each of the named Parties to the Settlement Agreement executed the Settlement Agreement on September 26, 2016.

## MEMORANDUM OF LAW

The Parties hereby renew their motion to approve the Settlement Agreement and for authorization of the notice of settlement for all the reasons set forth in the original motion and memorandum of law.

WHEREFORE, the Parties jointly and respectfully request that this Court conditionally certify the Putative Class, approve the attached Settlement Agreement between the Parties, approve the notice to be sent, and then dismiss the instant action as well as any and all other pending claims between the Parties with prejudice.

Respectfully submitted,

*/s/ Mitchell L. Feldman*
MITCHELL L. FELDMAN, ESQ.
Florida Bar No. 0080349
Email: mfeldman@ffmlawgroup.com
FELDMAN LAW GROUP, P.A.
1715 N. Westshore Blvd. Suite #400
Tampa, Fl 33609
Telephone: (813) 639-9366
Facsimile: (813) 639-9376
*Attorneys for Named Plaintiffs and Opt-In Plaintiffs*

Respectfully submitted,

*/s/ Mary Ruth Houston*
MARY RUTH HOUSTON, ESQ.
Florida Bar No.: 834440
Email: mhouston@shutts.com
PAUL J. SCHECK, ESQ.
Florida Bar No. 028487
Email: pscheck@shutts.com
JAMES J. HENSON, ESQ.
Florida Bar No.: 77476
Email: jhenson@shutts.com
SHUTTS & BOWEN LLP
300 South Orange Avenue, Suite 1000
Orlando, Florida 32801
Telephone: (407) 423-3200
Facsimile: (407) 425-8316
*Attorneys for Defendant, Fleetmatics USA, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 29, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Mary Ruth Houston*
Of Counsel

ORLDOCS 14951049 2