## COLLECTIVE ACTION SETTLEMENT AGREEMENT

This Collective Action Settlement Agreement (the "Agreement") is entered into this 26th day of September, 2016 by and between DAVID GILLARD, JACLYN STRAMIELLO and TROY PATE (the "Named Plaintiffs"), in their individual capacities, on behalf of all individuals who have filed consents as of August 16, 2016 to join the Lawsuit (the "Opt-In Plaintiffs") and on behalf of all other similarly situated employees who opt in to this action following the provision of notice (the "Putative Class Members") (the "Named Plaintiffs," the "Opt-In Plaintiffs" and the "Putative Class Members", collectively to be known as the "Employees"), and FLEETMATICS USA, LLC ("Fleetmatics"). The "Named Plaintiffs," "Opt-In Plaintiffs" and "Fleetmatics" shall collectively be referred to as the "Settling Parties." This Agreement is effective upon its execution by all named Plaintiffs and Fleetmatics and final approval by the Court as set forth herein.

## RECITALS

WHEREAS, the Named Plaintiffs and Fleetmatics are parties to the case styled as <u>David Gillard, Jaclyn Stramiello and Troy Pate, Individually and on behalf of all others similarly situated v. Fleetmatics USA, LLC</u>, Case No. 8:16-cv-00081-JDW-MAP, which is pending in the United States District Court for the Middle District of Florida, Tampa Division (the "Lawsuit");

WHEREAS, the Named Plaintiffs, on their own behalf and on behalf of the other Employees, allege that Fleetmatics violated the Fair Labor Standards Act (the "FLSA") by failing to pay its Business Development Representatives ("BDRs") overtime compensation for overtime hours worked over 40 in a workweek;

WHEREAS, the Named Plaintiffs and Opt-in Plaintiffs are represented in the Lawsuit by Mitchell L. Feldman of the Feldman Law Group, P.A., who hereinafter will be referred to as "Class Counsel";

WHEREAS, Fleetmatics and the Employees recognize and acknowledge that Fleetmatics does not admit liability to the Employees, or to anyone else, for alleged violations of the FLSA or any other allegations set forth in the Lawsuit, and that this Agreement cannot in any way be construed as an admission of liability by Fleetmatics of any violation of any law, contract, or agreement. Fleetmatics denies and disputes all allegations of violations of the FLSA and all other allegations set forth in the Lawsuit, and has asserted various defenses. This Agreement is made for the sole purpose of attempting to consummate settlement of the Employees' claims and potential claims under the FLSA on a class-wide basis under the FLSA. This Agreement is made in compromise of disputed allegations;

WHEREAS, Fleetmatics denies all of the claims as to liability, damages, penalties, interest, fees, restitution and all other forms of relief as well as the collective action allegations asserted by the Employees. Fleetmatics has agreed to resolve this matter via this Agreement, but to the extent this Agreement is deemed void and/or does not go into effect because it is not approved by the Court, Fleetmatics does not waive (but rather expressly reserves) all rights to challenge all such claims and allegations in the matter upon all procedural and factual grounds, including without limitation, the ability to challenge class or

1                                    EXHIBIT "1"

collective action treatment on any grounds, as well as asserting any and all other potential defenses (including arbitration as to those Employees with arbitration agreements) or privileges. The Employees and Class Counsel agree that Fleetmatics retains and reserves these rights, and agree not to take a position to the contrary and specifically agree not to argue or present any argument, and hereby waive any argument, that, based on this stipulation, Fleetmatics could not contest collective action or class certification on any grounds, or assert any and all other potential defenses and privileges if this matter were to proceed to litigation, in the event this Agreement is not approved by the Court.

WHEREAS, the Settling Parties participated in two lengthy formal mediation sessions before James Brown, Esq., which led to the resolution of this matter;

WHEREAS, the Settling Parties acknowledge and agree that this Agreement represents a fair and equitable settlement of their claims and that with this settlement, all of their claims as to violations of the FLSA, including but not limited to, claims for failure to pay overtime wages for all hours worked, liquidated damages, and costs and attorneys' fees are fully satisfied and that they have no claim as to any wages, overtime compensation, liquidated damages or attorneys' fees due or owing to them from Fleetmatics.

WHEREAS, this settlement is made by Fleetmatics on a compromise basis in order to avoid the time and expense of litigation. The Settling Parties believe that their allegations have merit; however, they recognize and acknowledge the expense and length of the type of continued proceedings necessary to prosecute the allegations against Fleetmatics through trial and through appeals. The Settling Parties have also taken into account the uncertain outcome and the risk of any litigation, as well as the difficulties and delays inherent in all litigation. Based upon their evaluation, Class Counsel, together with the Named Plaintiffs, have determined that the settlement set forth in this Agreement is in the best interests of the Employees.

WHEREAS, all of the Settling Parties acknowledge that they have entered into this Agreement voluntarily. Fleetmatics expressly denies any liability or wrongdoing of any kind associated with the potential claims of the Employees.

WHEREAS, the Settling Parties executed a Collective Action Settlement Agreement dated August 16, 2016 (Dkt. 61-1, Ex. A), approval of which was denied without prejudice by this Court, on or about September 20, 2016, with leave to resubmit and request approval conditioned on the removal of certain provisions;

WHEREAS, the Settling Parties have removed said provisions, re-executed this Agreement, and have agreed that this Agreement supersedes the Agreement dated August 16, 2016;

WHEREFORE, in exchange for the mutual promises contained herein and for other good and valuable consideration, the receipt of which is hereby acknowledged, the Settling Parties agree as follows:

## FINANCIAL TERMS OF THE SETTLEMENT

I. **Common Fund Settlement**

A. This is a common fund settlement. The total common fund settlement shall be in the amount of Two Million One Hundred and Two Thousand Two Hundred and Fifty Dollars ($2,102,250.00), which amount shall be defined as the "Gross Settlement Amount." This amount shall consist of: (i) a Net Settlement Common Fund of $1,559,187.50 for the Employees to secure compensation (the "Net Settlement Amount"); (ii) attorneys' fees and costs to Class Counsel in the amount of twenty-five percent of the common fund ($525,562.00); (iii) an incentive service award of Five Thousand Dollars ($5,000.00) to each of the three Named Plaintiffs, for a total set of incentive service awards of $15,000.00 for their time and efforts in filing and litigating this action, including participation in one full-day mediation and being available by telephone for a second day of mediation; and (iv) a service award to Opt-in Plaintiff Melissa Edwards in the sum of Two Thousand Five Hundred Dollars ($2,500.00) for participation in the mediations and assistance to Plaintiffs' counsel. In addition, Fleetmatics will hire a third party administrator to handle the class notice process.

B. The total common fund settlement amount payable to the Employees equates to 25 hours per pay period (12.5 hours per week) in the Clearwater, Florida and Charlotte, North Carolina offices; 10 hours per pay period (5 hours per week) in the Chicago, Illinois office, and 4 hours per pay period (2 hours per week) in the Scottsdale, Arizona office, at a half-time rate. One-half of those amounts shall be allocated to wages and one-half shall be allocated to liquidated damages. The differences in overtime amounts per office are based on differences in office management procedures and work hours (which are some of the differences that called into question whether the action was appropriate for collective treatment on a nationwide basis). Each Employee will receive his or her pro-rata share of the common fund based upon these hourly allocations and the office at which each person worked, and then further allocated and calculated according to each person's historical wages in order to proportionally distribute and allocate the wages, taking into account the varying overtime rates for each individual. The amounts payable to each Employee are set forth in the schedule attached as Exhibit A hereto.

C. The individuals who shall be eligible for potential compensation in this matter shall be those individuals who were employed with Fleetmatics as a BDR (also known as a "Web Sales Representative") from and including March 21, 2013 through January 31, 2016 for the period(s) during which they were employed as a BDR;

D. Under the terms of this common fund settlement, each potential opt-in will receive a Settlement Notice, which states that for every week they worked for Fleetmatics as a BDR during the relevant statutory period, they will receive overtime compensation based on a pro-rata share of the Net Settlement Amount in the manner and to the extent set forth above. This settlement is based on a three (3) year statute of limitations period.

E. The Settling Parties shall compute the amount of individual settlement awards from the Net Settlement Amount to be distributed to the Employees. Each "Individual Settlement Award" shall equal the individual's proportionate share of the Net Settlement Amount as determined by providing each individual a flat amount based on his or her pro rata share of the total workweeks based on the method agreed to above.

3

F.  This is an FLSA opt-in collective action, and thus Putative Class Members who elect not to join this action will not be bound by this Agreement and may proceed individually on their claims if they wish; or as set forth in the Notice, each Putative Class Member may simply do nothing and their rights are unaffected by this settlement.

G.  Any portion of the Net Settlement Amount not distributed as part of the settlement will revert back to Fleetmatics.

H.  Under no condition will Fleetmatics' collective liability for payments to the Employees in this Lawsuit exceed the Net Settlement Amount, unless otherwise explicitly set forth in this Agreement. All payments to the Employees shall be paid out of the Net Settlement Amount unless otherwise set forth in this Agreement.

I.  For each Individual Settlement Award payment made pursuant to this Agreement, Fleetmatics will report each payment to government authorities including the Internal Revenue Service as required by law, and it shall make all required deductions and/or withholdings. The payments shall be allocated for reporting reasons as set forth below:

   a.  fifty percent (50%) shall be deemed payment in settlement of claims for overtime wages; and

   b.  fifty percent (50%) shall be deemed payment in settlement of claims for liquidated damages.

J.  Those payments allocated to the settlement of claims for overtime wages shall be subject to required withholdings and deductions, and so the net amounts payable will be less than the gross amounts, and shall be reported in the year of payment as wage income to the relevant individual on a Form W-2 or analogous form. Those payments allocated to liquidated damages shall not be subject to required withholdings and deductions, and so the net amounts payable will be equal to the gross amounts and shall be reported in the year of payment as non-wage income to the individuals on a 1099 or other form as required by law.

K.  Other than as set forth above, Fleetmatics will not, unless otherwise required by law, make any deductions, withholdings or additional payments, including without limitation, medical or other insurance payments or premiums, employee 401(k) contributions or matching employer contributions, contributions to qualified or unqualified employee retirement plans, wage garnishments or charity withholdings.

L.  Other than the withholding and reporting requirements set forth above, the Employees shall be solely responsible for the reporting and payment of the employee's share of any federal, state and/or local income tax, if any, on any of the payments made pursuant to this Agreement. Fleetmatics understands that it will be responsible for paying the employer's share of any applicable payroll taxes and that such obligation is in addition to the Net Settlement Amount. Fleetmatics makes no representations and it is understood and agreed that Fleetmatics has made no representations as to the taxability of any portions of the settlement payments to any of the Employees, the payment of any costs or an award of attorneys' fees, or any payments to Employees. The Class Notice will advise all Putative Class Members to seek their own tax advice prior to acting in response to that notice, and the Putative Class Members and the Class

Counsel agree that the Putative Class Members will have an adequate opportunity to seek tax advice prior to acting in response to that notice. Employees and Class Counsel agree that the allocations of the payments, including for the payment of attorneys' fees, are solely matters between the Employees and Class Counsel or separately retained counsel, and Fleetmatics has no responsibility or liability related thereto.

### II.   Incentive Awards

The Parties agree that the Named Plaintiffs and Opt-In Plaintiff, Melissa Edwards, will receive incentive service awards from the Gross Settlement Amount as follows: (1) the amount of Five Thousand Dollars ($5,000.00) for each of the three Named Plaintiffs for their service as Class Representatives and providing unique services during the Lawsuit; and (2) the amount of Two Thousand Five Hundred Dollars ($2,500.00) for Opt-In Plaintiff Melissa Edwards for participating in two mediations and in the litigation of this matter. This award is in addition to the Named Plaintiffs' and Edwards' individual settlement amounts from the Net Settlement Amount. Fleetmatics agrees not to object to such application, but the Settling Parties acknowledge that such incentive awards are subject to Court approval and shall not be paid from the Net Settlement Amount.

If the Court approves a lower amount of incentive service awards than those set forth above, Fleetmatics will pay the Court awarded amount and no additional amounts will be owed by Fleetmatics for incentive service awards. Under no circumstances will the Net Settlement Amount be increased as a result of any such ruling by the Court.

### III.   Attorneys' Fees and Costs; Court Approval

Fleetmatics understands that Class Counsel is entitled to reimbursement of reasonable attorneys' fees and costs under the FLSA. Fleetmatics further understands that Class Counsel will seek approval from the Court for an award of attorney's fees and costs in the amount of 25% of the Gross Settlement Amount by filing a separate Motion and Memorandum of Law in support of that request. The amount of attorney's fees and costs being sought by Class Counsel is a term separately negotiated and agreed upon by the Parties as part of this settlement, and the Settling Parties understand that the fees and costs are to be awarded at the discretion of the Court.

Fleetmatics agrees not to object to an application seeking attorneys' fees and costs up to the limits set forth herein. The amount of attorneys' fees and costs awarded by the Court shall not impact the remainder of the Gross Settlement Amount, or in other words, shall not impact the settlement proceeds paid to the Employees or the settlement set forth herein. The amount of attorneys' fees or costs awarded by the Court shall not diminish in any way the Net Settlement Amount or affect the payments to the Employees. Fleetmatics may unilaterally withdraw from this Agreement if Class Counsel seeks attorneys' fees and costs in an amount in excess of that set forth in this Agreement, or if any of the other conditions set forth in this Agreement are not accepted by the Court. In the event that this Agreement does not receive final approval from the Court, or if a final approval order is reversed on appeal, no party shall use the foregoing provisions or the award of attorneys' fees or costs for any purpose whatsoever in the Lawsuit or in any other action or proceeding.

## PROCEDURAL STEPS FOR SETTLEMENT

### I. Filing of Motion for Approval

The Settling Parties shall jointly file a motion to approve this settlement, which motion shall ask the Court, among other things, to approve the settlement and find that the settlement is fair, reasonable and adequate. In the event that this settlement is not finalized, does not receive final approval from the Court, or if a final approval order is reversed on appeal, no party shall use the foregoing provision for any purpose whatsoever in the Lawsuit or any other action or proceeding.

### II. Filing of Joint Motion and Stipulation for Conditional Certification and Authorization of Notice

The Settling Parties shall file a joint motion for conditional certification, which motion shall ask the Court, among other things, to certify a "putative class" to consist of all BDRs (also known as Web Sales Representatives) employed at Fleetmatics from March 21, 2013 through January 31, 2016. If employees worked in other capacities at Fleetmatics during said time frame, they are members of the putative class only for those periods during which they worked as BDRs (also known as Web Sales Representatives). In the event that this settlement is not finalized, does not receive final approval from the Court, or if a final approval order is reversed on appeal, no party shall use the foregoing provision or the proposed certification of a collective action for any purpose whatsoever in the Lawsuit or any other action or proceeding.

### III. Notice To The Potential Putative Class

A. Fleetmatics will retain a third party administrator to handle the administration of the settlement and mail Class Notice to all potential Putative Class Members at their last known addresses. The proposed Class Notice is attached as Exhibit B hereto. This Class Notice shall be mailed via regular mail through the United States Postal Service. The Class Notice Claim Form and all correspondence to all Putative Class Members shall be in English. This Class Notice and its envelope or covering shall be marked to denote the return address of the third party administrator retained by Fleetmatics, who shall serve as "Class Administrator" in this action.

B. Within 15 days of the approval of this Agreement by the Court and the conditional certification of a putative class, Fleetmatics will provide a third party administrator with the names, last known addresses and last known telephone numbers of all Putative Class Members, solely for the purpose of effectuating Notice, as described herein.

C. Unless the Settling Parties agree otherwise in writing, each of the Notices shall be mailed to the last known address of the Putative Class Members no later than thirty (30) days after Court approval of this Agreement, which shall constitute the "Notice Mailing Deadline."

D. If the Class Administrator, Class Counsel or Fleetmatics' counsel receives an unclaimed or returned mailing or notification of an incorrect address from the United States Postal Service, the Class Administrator shall be authorized to commence with an address verification and telephonic verification in order to attempt to identify the correct address and

deliver the notice via a second mailing to a verified U.S. Mail address as described herein. Specifically, in the event that subsequent to the first mailing of a Class Notice, and at least fourteen (14) days prior to the Notice Response Deadline, that Notice is returned to the Claims Administrator by the United States Postal Service because the address of the recipient is no longer valid, i.e. the envelope is marked "Return to Sender," Class Administrator may perform a standard skip trace and a telephone call to each Putative Class Member in an effort to attempt to ascertain the current address of the particular Putative Class Member in question and, if such an address is ascertained, Class Administrator will re-send the Notice within fourteen (14) days of receiving such information. In that event, the Class Notice shall be deemed received once it is mailed for the second time.

E. In the event that subsequent to the first mailing of a Class Notice and at least fourteen (14) days prior to the Notice Response Deadline, that Notice is returned to the Claims Administrator by the United States Postal Service with a forwarding address for the recipient, the Class Administrator shall re-mail the notice to that address, the notice will be deemed mailed at that point and the forwarding address shall be deemed the updated address for that Putative Class Member.

F. Any Putative Class Member who seeks to participate in this Agreement must do so within thirty (30) calendar days after the Class Notice is mailed to that particular individual, which shall be known as the "Notice Response Deadline", except those Putative Class Members who receive a second notice shall have an additional 30 days to respond and file a consent form. The Named Plaintiffs have hired Class Counsel to represent their interests and those who opt-in elect to have Class Counsel represent them as well. Each individual who seeks to participate in this action can either be represented by Class Counsel or may represent themselves or independently hire their own law firm.

G. Putative Class Members may elect to become participants in this Lawsuit. Putative Class Members who wish to exercise this option and certify their entitlement to payment under the Agreement must fully complete, execute and mail, per the instructions therein, the form entitled "Settlement Claim Form" attached to the Class Notice. If a completed and properly executed Settlement Claim Form is not received by the Claims Administrator from a Putative Class Member and postmarked on or before the Notice Response Deadline, then that Putative Class Member will be deemed to have forever waived his or her right to be a participant in this settlement and receive payment under this Agreement. All Settlement Claim Forms which are properly completed and timely received by the Claims Administrator shall be deemed to constitute a consent to become a party under 29 U.S.C. §216(b), and such individuals shall be referred to herein also as "Participating Claimants". Only Participating Claimants shall be entitled to settlement payments. It is agreed and understood that, if all Putative Class Members become Participating Claimants, then Fleetmatics will pay a maximum settlement amount of $2,102,250.00, (however, said maximum settlement amount may be reduced, but not increased, depending on the amount of attorneys' fees, costs and incentive awards approved by the Court), less attorneys' fees, costs and incentive awards as outlined above. If fewer than one hundred percent of Putative Class Members become Participating Claimants, then Fleetmatics will pay less than the maximum amount of the Net Settlement Amount, with any unclaimed amounts to remain the property of Fleetmatics.

H. Putative Class Members who, for future reference and mailings, if any, wish to change the name or address listed on the envelope in which the Class Notice was first mailed to them, must fully complete, execute and mail, per the instructions therein, the form entitled "Change of Name and/or Address Information" attached to the Class Notice. The address provided shall be the updated address for any such Putative Class Member.

I. The Class Administrator may create a website to host the documents related to this settlement, which will consist of the Settlement Agreement and the Notice and Consent forms in downloadable PDF format, and a DocuSign application for any Putative Class Members to electronically sign the Settlement Claim Forms. Such signatures must be made within the time frames set forth above. The website will be taken down upon the closure of the notice period in this case. Fleetmatics understands and agrees that each Putative Class Member has the right to review the Settlement Agreement in making his or her decision on whether to participate in this settlement, and that each person should make an informed decision and have the opportunity to review this Agreement.

J. The Opt-In Plaintiffs who have already filed Consents to Join this action will receive a Notice of Settlement and Claims Administration Form, a copy of which is attached hereto as Exhibit C. If a completed and properly executed Settlement and Claims Administration Form is not received by the Claims Administrator from an Opt-In Plaintiff and postmarked on or before the Notice Response Deadline, then that Opt-In Plaintiff will be deemed to have forever waived his or her right to be a participant in this settlement and receive payment under this Agreement.

K. At the end of the Class notice period, the Class Administrator shall prepare a report that will total the consents and ensure they have been accounted for and reported and delivered to Fleetmatics for settlement distributions.

## PAYMENT OF SETTLEMENT PROCEEDS AND ALLOCATIONS

A. After the Notice Response Deadline, Fleetmatics shall pay to each Employee his or her individual payment from the Net Settlement Amount in proportion to his or her portion of the total Common Fund and in accordance with the terms and provisions of this Agreement. No person shall have any claim against any of the Settling Parties based on distributions and payments made in accordance with this Agreement.

B. Fleetmatics and/or the Third Party Administrator shall issue to each Employee two (2) checks payable to the Employee. One check shall be a net amount for overtime compensation, less the relevant and appropriate deductions and withholdings, and a second check shall be a gross amount for liquidated damages with no deductions or withholdings. Fleetmatics shall mail these checks to each Employee at his or her last known address, or updated address if obtained.

C. All payments required by this Agreement shall be made by the later of ten (10) business days after all Notice Response Deadlines have passed or ten (10) business days after the date on which the time to challenge any aspect of this Agreement by appeal has lapsed (which shall be thirty (30) days after a finally appealable order and/or judgment has been entered), provided that no such appeal has been filed (regardless of whether any objections to the

settlement were made). If any such appeal is filed, all payments required by this Agreement shall be made no later than ten (10) business days after a final resolution of all appeals (including a mandate to district court) that result in the upholding of the Agreement. The date defined and determined by this Section shall be the "Effective Date."

D. All checks issued to Participating Claimants pursuant to this Agreement shall remain negotiable for ninety (90) days from the date of the mailing of the checks. All funds associated with any checks which are not properly or timely negotiated shall remain the property of Fleetmatics, shall not be paid to any person other than Fleetmatics and shall be returned to Fleetmatics. The Settling Parties hereby agree that such funds represent settlement payments for a matter disputed in good faith, not uncontested wage payments, and they shall not be subject to escheat rules, or other distribution not provided for in this Agreement. Participating Claimants who fail to negotiate their check(s) in a timely fashion shall remain subject to the terms of this Agreement.

## RELEASE OF CLAIMS BY EMPLOYEES

A. As of the Effective Date, the Named Plaintiffs, Opt-In Plaintiffs and the Participating Claimants release and covenant not to sue Fleetmatics, and, without limitation, each of its past, present and future owners, stockholders, parent corporations, related or affiliated companies, subsidiaries, officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, attorneys, auditors, consultants, insurers and re-insurers, and its divisions, franchisees, successors and predecessors in interest, each of their company-sponsored employee benefit plans of any nature (including, without limitation, profit-sharing plans, pension plans, 401(k) plans and severance plans) and all of their respective officers, directors, shareholders, employees, insurers, administrators, fiduciaries, trustees and agents, in their individual and representative capacities, and any individual or entity which could be jointly liable with Fleetmatics (the "Released Parties") from the "Released Claims" as defined below.

B. For purposes of this Agreement, the "Released Claims" are defined as: All claims, demands, rights, liabilities and causes of action of every nature and description whatsoever, whether known or unknown, suspected or unsuspected, that were asserted in the Lawsuit or that relate in any way to the classification of BDRs (also known as Web Sales Representatives) (together, BDRs) as exempt employees or the payment of overtime to the BDRs during the relevant period, whether in tort, contract, statute, rule, ordinance, order, regulation or otherwise, or that arise under the FLSA, any state wage and hour laws, whether for economic damages, non-economic damages, restitution, penalties, wages, liquidated damages, interest or attorneys' fees or costs arising out of the claims at issue, including the causes of action asserted in the Lawsuit relating to the alleged failure to pay overtime compensation to BDR's, as well as any claim, whether asserted or unasserted, for failure to keep accurate records or failure to pay all earned wages, including overtime compensation.

C. Upon the execution of this Agreement by all Parties, the Named Plaintiffs, Opt-In Plaintiffs and Participating Claimants shall be deemed to have fully, finally and forever released, relinquished and discharged all Released Claims. In addition, the Named Plaintiffs, Opt-In Plaintiffs and Participating Claimants stipulate and agree that the consideration paid to them pursuant to this Agreement compensates them for all wages, including overtime compensation,

to which they may be entitled to as a result of the alleged violations of the FLSA or any state law or regulation.

## PAYMENT OF COSTS AND ATTORNEYS' FEES

A.  Payments made pursuant to this Agreement shall constitute full satisfaction of any claim for attorneys' fees and costs, and the Employees and Class Counsel, on behalf of themselves and all Employees, agree that they shall not seek nor be entitled to any additional attorneys' fees or costs under any theory.

B.  If the Court approves a lower amount of attorneys' fees and costs to Class Counsel than the amount set forth above, Fleetmatics will pay the Court awarded amount to Class Counsel and no additional amounts will be owed by Fleetmatics for attorneys' fees or costs. Under no circumstances will the Net Settlement Amount be increased by any such reduction in attorneys' fees or costs.

C.  No party shall be deemed the prevailing party for any purpose.

D.  Fleetmatics shall deliver or arrange to be delivered to Class Counsel a bank wire to the trust account of Class Counsel the amount of attorney's fees and costs awarded by the Court within ten (10) business days of the Court's final approval of such attorneys' fees and costs.

## [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL

The Settling Parties shall request the Court to issue a Proposed Final Judgment and Order of Dismissal ("Proposed Final Judgment") in substantially the same form as Exhibit D attached to this Agreement, which shall, *inter alia:*

A.  Confirm that the settlement is fair, reasonable, adequate, in good faith and in the best interests of the Employees, as a whole, and order the Settling Parties to carry out the provisions of the Agreement;

B.  Dismiss with prejudice all actions, complaints and claims and any lawsuit as against Fleetmatics and/or the Released Parties (as that term is defined below), including the Lawsuit, arising out of or related to any of the actions or events complained of in the Lawsuit;

C.  Adjudge that all of the Named Plaintiffs, Opt-In Plaintiffs and Putative Class Members that actually opt-in to this action are conclusively deemed to have released Fleetmatics and the Released Parties of and from any and all rights, claims, demands, liabilities, causes of action, liens and judgments arising out of or in any way related to the matters set forth, or that could have been set forth, in the Lawsuit in relation to the alleged claims relating to the release of such by the Employees;

D.  Bar and permanently enjoin each of the Named Plaintiffs, Opt-In Plaintiffs and Putative Class Members that actually opt-in to this action from prosecuting against Fleetmatics and the Released Parties any and all of the settled and released claims which the Named Plaintiffs, Opt-In Plaintiffs and Putative Class Members or any of them had, have or may have in

the future, arising out of, based upon, or otherwise related to any of the settled and Released Claims (as defined above), or any of the allegations asserted in the Lawsuit.

  E. Reserve continuing jurisdiction as provided herein above.

## NULLIFICATION OF AGREEMENT

  In the event the Court does not finally approve the Agreement as provided herein for any reason, including without limitation the releases in the same form and scope as set forth above or the [Proposed] Final Judgment as attached hereto, this Agreement shall be null and void and any order or judgment entered by the Court in furtherance of this Agreement shall be treated as void ab *initio,* unless the Court has partially approved this settlement and the Settling Parties mutually agree to submit a revised settlement agreement that conforms to the Court's Order. In such event, the Parties and any funds to be awarded under this Agreement shall be returned to their respective statuses as of the date and time immediately prior to the execution of this Agreement, and the parties shall proceed in all respects as if this Agreement had not been executed. However, the failure of the Court to award Class Counsel the amount of attorneys' fees and costs for which Class Counsel applies will not be a reason to nullify the Agreement.

## MISCELLANEOUS PROVISIONS

  A. The recitals set forth above are true and correct and incorporated herein by this specific reference.

  B. Each party to this Agreement represents and warrants that he, she or it have not heretofore assigned or transferred, or purported to assign or transfer, any of the claims released pursuant to this Agreement to any other person and that he, she or it is fully entitled to compromise and settlement of same.

  C. All questions with respect to the construction and interpretation of this Agreement and the rights and liabilities of the Parties hereto shall be governed by the laws of the State of Florida applicable to agreements to be wholly performed within the State of Florida. Any action at law, suit in equity, or other judicial proceeding arising out of or related to this Agreement shall be exclusively instituted and maintained in the federal courts covering Hillsborough County, Florida, and each party waives the right to change venue.

  D. Each party hereto acknowledges that he, she or it has been represented by counsel of his, her or its own choice throughout all of the negotiations that preceded the execution of this Agreement and in connection with the preparation and execution of this Agreement.

  E. The Settling Parties hereto agree to do such acts and execute all such documents necessary to effectuate the intent of this Agreement.

  F. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and will be effective upon execution by all parties. Facsimile or electronic signatures shall be deemed original signatures for all purposes.

G. The headings contained in this Agreement are for reference purposes only and are not to be construed in any way as a part of the Agreement.

H. This Agreement represents the entire agreement between the Parties hereto with respect to the subject matter hereof and supersedes all prior oral and written agreements and discussions. Each of the Settling Parties covenants that he, she or it has not entered into this Agreement as a result of any representation, agreement, inducement or coercion, except to the extent specifically provided herein. Each party further covenants that the consideration recited herein is the only consideration for entering into this Agreement and that no promises or representations of another or further consideration have been made by any person. This Agreement may be amended only by an agreement in writing duly executed by the all Parties hereto.

I. This Agreement shall be binding upon and inure to the benefit of the parties hereto and to their respective heirs, assigns and successors-in-interest.

J. Each party hereto has cooperated in the drafting and preparation of this Agreement. Hence, in any construction to be made of this Agreement, the same shall not be construed against any party as the drafter of this Agreement.

K. In the event that any covenant or other provision herein is held to be invalid, void or illegal, the same shall be deemed severed from the remainder of this Agreement, and shall in no way affect, impair or invalidate any other covenant, condition or other provision herein, except as specifically provided for above in the "Nullification of Agreement" section. Notwithstanding the foregoing, the release set forth above in this Agreement is an essential part of the Agreement. If such release is held not to be valid or is modified in any way, Fleetmatics has no obligations under this Agreement.

L. All exhibits attached to this Agreement are hereby incorporated by reference as though set forth fully herein and are a material part of this Agreement. Any notice, order, judgment or other exhibit that requires the approval of the Court must be approved, without material alteration.

M. Each party hereto warrants and represents that each of the persons or entities executing this Agreement is duly empowered and authorized to do so.

N. All notices, requests, demands and other communications required or permitted to be given pursuant to this Agreement (other than the Settlement Claim Forms) shall be in writing and shall be delivered personally, telecopied or mailed postage pre-paid by first class mail to the following persons at their addresses set forth as follows:

**Named Plaintiffs' Counsel/Opt-In Plaintiffs' Counsel/Class Counsel**
Mitchell L. Feldman, Esq.
Feldman Law Group PA
1715 N. Westshore Blvd., Suite #400
Tampa, FL 33609
(813) 639-9366
Email: mfeldman@ffmlawgroup.com

**Fleetmatics' Counsel**
Mary Ruth Houston, Esq.
Paul J. Scheck, Esq.
Shutts & Bowen LLP
300 S. Orange Avenue, Suite 1000
Orlando, FL  32801
(407) 423-3200
Email: mhouston@shutts.com
       pscheck@shutts.com

O.    The Court shall have continuing jurisdiction to resolve any disputes that may arise with regard to the terms and conditions of this Agreement as set forth herein.

WHEREFORE, the Named Plaintiffs on their own behalf and on behalf of the Opt-In Plaintiffs and the Putative Class Members, and Fleetmatics, by its duly authorized agent, have executed this Agreement as of the dates set forth below.

_____
**DAVID GILLARD**

Dated:_____

_____
**JACLYN STRAMIELLO**

Dated: _____

_____
**TROY PATE**

Dated:_____

**FLEETMATICS USA, LLC**

By: _____ *(signature)*

Its: _General Counsel_____

Dated: _09.26.2016_____

ORLDOCS 14938649 1

13

**Fleetmatics' Counsel**
Mary Ruth Houston, Esq.
Paul J. Scheck, Esq.
Shutts & Bowen LLP
300 S. Orange Avenue, Suite 1000
Orlando, FL 32801
(407) 423-3200
Email: mhouston@shutts.com
pscheck@shutts.com

O. The Court shall have continuing jurisdiction to resolve any disputes that may arise with regard to the terms and conditions of this Agreement as set forth herein.

WHEREFORE, the Named Plaintiffs on their own behalf and on behalf of the Opt-In Plaintiffs and the Putative Class Members, and Fleetmatics, by its duly authorized agent, have executed this Agreement as of the dates set forth below.

FLEETMATICS USA, LLC

By: _____

*Jaclyn Stramiello*
Jaclyn Stramiello (Sep 26, 2016)

Its: _____

Dated: _____

ORLDOCS 14938649 1

**Fleetmatics' Counsel**
Mary Ruth Houston, Esq.
Paul J. Scheck, Esq.
Shutts & Bowen LLP
300 S. Orange Avenue, Suite 1000
Orlando, FL 32801
(407) 423-3200
Email: mhouston@shutts.com
         pscheck@shutts.com

O. The Court shall have continuing jurisdiction to resolve any disputes that may arise with regard to the terms and conditions of this Agreement as set forth herein.

WHEREFORE, the Named Plaintiffs on their own behalf and on behalf of the Opt-In Plaintiffs and the Putative Class Members, and Fleetmatics, by its duly authorized agent, have executed this Agreement as of the dates set forth below.

FLEETMATICS USA, LLC


By: _____


Its: _____


Dated: _____


*[signature]*
Troy Pate (Sep 26, 2016)

ORLDOCS 14938649 1

13

**Fleetmatics' Counsel**
Mary Ruth Houston, Esq.
Paul J. Scheck, Esq.
Shutts & Bowen LLP
300 S. Orange Avenue, Suite 1000
Orlando, FL 32801
(407) 423-3200
Email: mhouston@shutts.com
pscheck@shutts.com

O.   The Court shall have continuing jurisdiction to resolve any disputes that may arise with regard to the terms and conditions of this Agreement as set forth herein.

WHEREFORE, the Named Plaintiffs on their own behalf and on behalf of the Opt-In Plaintiffs and the Putative Class Members, and Fleetmatics, by its duly authorized agent, have executed this Agreement as of the dates set forth below.

FLEETMATICS USA, LLC

_[signature]_
David Gillard (Sep 26, 2016)

By: _____

Its: _____

Dated: _____

ORLDOCS 14938649 1

13